■  VINCENZA J. BONARRIGO, Appellant, v. ANTHONY BONARRIGO et al., Respondents.— In an action to set aside a deed or, in the alternative, to impress a trust upon real property, plaintiff appeals from an order of the Supreme

Court, Richmond County, dated February 7, 1974, which, after a nonjury trial, dismissed the complaint. Order reversed, on the law and the facts, and new trial granted, with costs to abide the event. Under the circumstances of this case, we hold there was a fiduciary relationship between defendant Anthony Bonarrigo and plaintiff, his wife, which cast the burden upon him to prove that her consent to the surrender of her half interest in the marital home was freely and knowingly given (*Matter of Smith,* 243 App. Div. 348; *Robertson* v. *Robertson,* 44 A D 2d 591). Although plaintiff concedes the signature on the deed to be hers, she testified she had no knowledge of signing it. The notary public who acknowledged the deed was an attorney who shared office space with defendant Bonarrigo. Neither party called him as a witness. It is suggested that at the new trial he be subpoenaed as the trial court's witness. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.